IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH PATTERSON, | : | CRIMINAL NO. |
| Movant, | : | 1:10-CR-0446-TCB-GGB |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2583-TCB-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, Kenneth Patterson, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 73]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

I. Background

On November 8, 2010, Movant entered a negotiated plea of guilty in this Court to one count of robbery in violation of 18 U.S.C. § 1951(a) and 2. [Doc. 20, 25, 59].

In his plea agreement, Movant waived the right to appeal or collaterally attack his sentence [Doc. 25-1 at 12]. However, Movant reserved the right to appeal an upward departure or a variance from the sentencing guideline range as calculated by the district court. [*Id.*]. Movant also reserved his right to appeal if the Government appealed the sentence. [*Id.*].

On October 18, 2011, Movant was sentenced to 121 months' imprisonment, the lowest sentence in his guidelines range. [Doc. 41, 61 at 17]. Movant appealed [Doc. 42], and his appointed counsel moved to withdraw from further representation and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1] On August 23, 2012, the United States Court of Appeals for the Eleventh Circuit granted counsel's motion to withdraw and affirmed Movant's conviction and sentence. [Doc. 67].

On August 2, 2013, Movant filed a motion to vacate under § 2255 in this Court. [Doc. 73]. In his motion, Movant argues that he is entitled to relief under the

---

[1] "The so-called '*Anders* brief' serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." *Penson v. Ohio*, 488 U.S. 75, 81-82 (1988).

2

recent Supreme Court case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013),[2] because facts not found by a jury were used to increase his sentence. Movant argues that the sentencing range for his specific crime was between 37 and 46 months, but that facts found by the judge at sentencing with regard to enhancements created a new range of penalties. [Doc. 73 at 4].

II. Discussion

Movant's motion should be denied because Movant, under the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceedings (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the

---

[2]*Alleyne* is the latest in a series of cases following *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that under the Fifth and Sixth Amendments, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. *Alleyne* now dictates that any fact that increases the mandatory minimum sentence for an offense is an element which must be submitted to the jury.

3

sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 25-1 at 12].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). An appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

The district judge specifically questioned Movant at the plea hearing about the waiver in the plea agreement:

> THE COURT: Okay. This is an important provision on page 12. This is the limited waiver of appeal. And what this is - - normally in a criminal case the defendant has the right to appeal a conviction and a sentence to the Court of Appeals, but you are today, by entering this plea, forever waiving your right to appeal and your right to what we call collaterally attack the judgment. And when I say collaterally attack, I mean by once you're in prison, filing some type of motion or lawsuit or petition, such as a petition for a writ of habeas corpus, saying that I was

4

> wrongly imprisoned and I shouldn't be here. You're waiving those rights, the right to appeal and the right to any type of collateral attack except in two limited circumstances.
>
> If I were to sentence you to a longer period of time than the high end of your sentencing guideline range, you could appeal. And if the Government were to appeal for any reason, you could cross-appeal. But other than those two narrow circumstances, you're forever waiving your right to appeal and your right to attack the judgment in this case.
> Do you understand that?
>
> MOVANT: Yes, Your Honor.

[Doc. 59 at 7-8]. Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Thus, Movant's appeal waiver is valid.

"[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Because the ground raised by Movant relates to his sentence, and not the negotiation of his appeal waiver, it is barred by the clear language in the plea agreement.

III. <u>Certificate of Appealability</u>

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of

5

appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Kenneth Patterson's motion to vacate sentence [Doc. 73] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 12th day of September, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE